**FILED - GR**

July 1, 2019 11:54 AM
CLERK OF COURT
U.S. DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
BY: mkc SCANNED BY /mkc 7/1/19

UNITED STATES OF AMERICA DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**1:19-cv-524**
Robert J. Jonker
Chief U.S. District Judge

|  |  |  |
|---|---|---|
| WILLIAM SIM SPENCER,<br>    Plaintiff, | ) ) ) ) ) | |
| vs. | ) ) ) ) | Case No.<br>Judge<br>MJ |
| OAKLAND COUNTY CORPORATION,<br>OAKLAND COUNTY CIRCUIT COURT,<br>OAKLAND COUNTY FRIEND OF THE COURT,<br>SUZANNE K. HOLLYER, RONALD H. FOON,<br>REBECCA ELLIS, KENNETH TOLBERT,<br>K DONOHUE and RENE M. STURDAVENT,<br>    Defendants. | ) ) ) ) ) ) ) ) | |

**CIVIL
COMPLAINT
WITH JURY
DEMAND**

NOW COMES William Sim Spencer, who verifies under penalty of perjury that the facts stated herein are all true, correct, complete and certain to the best of his information, knowledge and belief; and states his complaint against Defendants OAKLAND COUNTY CORPORATION ("OC CORP"), OAKLAND COUNTY CIRCUIT COURT ("OC CC"), OAKLAND COUNTY FRIEND OF THE COURT ("OC FOC"), SUZANNE K. HOLLYER, RONALD H. FOON, REBECCA ELLIS, KENNETH TOLBERT, K. DONOHUE and RENE MARIE STURDAVENT as follows:

## INTRODUCTION

1. This is a dispute arising out of the 1994 OC FOC Case No. 910823729 which is titled: RENE MARIE SPENCER (STURDAVENT) v WILLIAM SIM SPENCER.

2. The support order which controlled in OC FOC Case No. 910823729 was suspended from 5/29/2007 until it terminated on 7/01/2011, when the youngest child of the marriage reached the age of majority.

3. Pursuant to the Support and Parenting Time Enforcement Act (SAPTEA), the amount of past due support that existed on 5/29/2007 constituted a lien in favor of Defendant STURDAVENT against the real and personal property of Mr. Spencer.

4. Such lien became effective at the time that the support was due and Defendant STURDAVENT's action to recover the child support payments had accrued in full on 5/29/2007 because no further payments were due according to the terms of the support order which expired on 7/01/2011.

5. OC FOC, as an employee of OC CC *(a division of OC CORP.)*, is the Title IV-D agency which administered the judgment lien obligation in favor of Defendant STURDAVENT and against Mr. Spencer.

6. Defendants HOLLYER, FOON, ELLIS, DONOHUE and TOLBERT, jointly and severally, administered the judgment lien obligation as employees of OC FOC.

7. On 7/23/2015 Mr. Spencer, in preparation for his publicly posted discharge from a 15-year prison sentence, sent to OC FOC his request for closure of FOC Case No. 910823729 (Exhibit 1):

> "Words cannot adequately express my regret for all of the memories I've missed with my sons as a result of being in prison since they were 8 and 10 years old. They were too young to understand why their daddy had to go away. I did my best to keep in contact with them for the first five years of prison. Their mother never agreed to let them visit me, and wouldn't let me talk with them on the phone,

2

but I was able to exchange letters with them.  That changed on 6/6/06 when my ex-wife wrote me a devastating letter in which she made clear that I could no longer communicate with my sons.  As a result, I've had no contact with my sons since they were 15 and 12.  Today my son Billy is 24 and my son Robby is 22.  I have no pictures of them, the last time I saw them they were 8 and 10, and my hope that they would contact me when they grew up has been crushed.  I have nobody to even tell me their status.

Any argument that the best interest of the children would necessitate keeping this case open would seem unsupportable.  I will be applying for disability benefits *when I am discharged from prison in August 2016.* Between the stigma attached to being an ex-felon and the neurological injuries I must deal with it would seem cruel to expect me to come up with the nearly $90,000 in this case.

Will you please close this case?" *(Emphasis added).*

8. On 3/17/2016 Defendant DONOHUE sent the following notice to Mr. Spencer (Exhibit 2):

"Dear Mr. Spencer:

Thank you for your recent letter.   Please be aware that the referee has reviewed your case and has decided, based on the information supplied and the review of your case, to close your case.

Your account will be adjusted to reflect a zero balance and your case will be closed.

Sincerely,
K DONOHUE
SUPPORT SPECIALIST"

9. The 3/17/2016 notice established that two separate acts were to be taken by OC FOC.

First, that the "account will be adjusted to reflect a zero balance."  Second, that upon

that adjustment to reflect a zero balance, the "case will be closed."

10. On 3/20/2016 OC FOC employee Sarah Hool sent the following notice (Exhibit 3) to

Mr. Spencer:

Dear Mr. Spencer:

Your child support case under Title IV-D of the Social Security Act and related Friend of the Court case(s) have been identified for possible closure *because there IS no current support and the balance IS under $500.*

3

This letter is your notice that both your Title IV-D child support case and the related Friend of the Court case(s) will be closed 60 days from the date of this notice. The Friend of the Court may also destroy their files as authorized by state policy." *(Emphasis added).*

11. The unambiguous notice that "the balance *IS* under $500" evinces both the prior release of the judgment lien obligation and the predicate factual basis for the subsequent notice of case closure.

12. Sarah Hool's use of the word *"IS"* constitutes evidence of her knowledge that the judgment lien obligation had already been released *as a prerequisite* to the OC CC and OC FOC cases being identified for possible closure.

13. On 5/16/2016 Defendant DONOHUE, without alleging fraud or mutual mistake, sent the following notice (Exhibit 4) to Mr. Spencer:

"Dear Parties:

This letter is to notify both parties of this case that *the previous arrearages were added back to the case at the request of the plaintiff* as the defendant will be released from incarceration in August and entering the work force again.

Once Mr. Spencer is released, he is to contact our office as to his new address and also what he is doing for work. If he needs help with obtaining employment our office has a Job Placement Office and he can come in any day of the week to request assistance in finding a job.

Our office will begin enforcing payments towards the arrearage once Mr. Spencer is released from jail.

Sincerely,
K. DONOHUE
SUPPORT SPECIALIST *(Emphasis added.)*

14. The *"previous"* arrearages could never have been *"added back"* if they had not first been subtracted and made to be *"previous"* by virtue of the unambiguous release of the judgment lien obligation.

4

15. On 04/04/2017 OCCC issued a *"Support"* Enforcement Order (Exhibit 5) for no

other purpose than to enforce the unilaterally reinstated judgment lien obligation and

found that:

"As of April 6, 2017, [Mr. Spencer] owes $88,662.35 in past-due support (subject to audit.)"

16. On 4/21/2017 Mr. Spencer filed his written objection to the *"Support"*

Enforcement Order dated 04/04/2017 stating at paragraph 6 therein:

"On 3/17/2016 the FOC administrator of [Defendant STURDAVENT'S] support order claim issued an unambiguous release of [Mr. Spencer] from any and all obligations imposed by the support order claim."

17. On 6/12/2016 Mr. Spencer filed his amended objection to the *"Support"*

Enforcement Order (Exhibit 6) and alleged at paragraph 14 therein:

"The Court is divested of jurisdiction as the arrearage obligation imposed under the judgment lien obligation has been lawfully released by the judgment lien administrator."

18. On 6/29/2017 OC CC overruled Mr. Spencer's objections without reaching the merits

of his record-supported claim that the administrator of the judgment lien had

previously adjusted the judgment lien obligation to zero.

19. On 6/28/2016 Mr. Spencer filed a 6-page Friend of the Court Grievance supported by

35 pages of evidentiary documents (Exhibit 7) and raising the following issues:

   a. "The offer to release the judgment amount by your administrative agency and subsequent performance by Grievant described below establishes a contract (hereafter 'the Release'). Am Jur 2nd Release § 7. Accordingly, your administrative agency's contention that the Release is not enforceable as a contract between Grievant and your administrative agency is mistaken.
   b. Your administrative agency's contention that it may arbitrarily and capriciously set aside the Release is mistaken and violates Grievant's U.S. Const. Am. XIV protected property interest in the Release.
   c. Your administrative agency's contention that the judgment amount totals $88,620.35 is mistaken where the Release unambiguously establishes your

5

administrative agency's 3/17/2016 administrative adjustment of the judgment amount to $0.

d. To facilitate your administrative agency's contention that 'no court order was ever entered to reduce your judgment amount to $0' is mistaken because no court ever had jurisdiction of the released judgment amount.

e. Your administrative agency's contention that the 'current support amount of order is $232.45 per month' is mistaken where the friend of the court case would have never been eligible for closure unless 'there is no longer a current support order and arrearages are under $500 or unenforceable under state law.' 45 CFR § 303.11(b)(1). *Accordingly, the Release itself evinces your administrative agency's knowledge that there is no 'current support amount of order' whatsoever." (Emphasis added.)*

20. On 7/13/2016 Mr. Spencer's Step I grievance was denied as follows (Exhibit 8):

"Dear Mr. Spencer:

Your Friend of the Court (FOC) administrative grievance form and attachments dated June 28, 2016, were received on July 7, 2016. Your letter with fifty-nine (59) pages of assorted documents (some of which include altered FOC legal documents) dated June 28, 2016 was received on July 11, 2016. In particular, you believe that the FOC initiating a closure of your case was tantamount to a discharge or release of your arrears. However, the substance of your concerns and arguments in this latest grievance are essentially the same as those I addressed in my previous grievance response dated June 16, 2016. More specifically, your belief that you owe nothing due to the initiation of a case closure is incorrect because your debt is owed to your ex-wife and she never agreed to any discharge. In fact, she objected to the administrative closure of your FOC case, which is the reason the FOC will continue to leave your FOC case open. Additionally, and most significantly, your circuit court case was never closed; therefore, the arrears that accumulated under the judgment remain outstanding and unaffected by the FOC's administrative attempt to close your case.

In that you failed to raise any new issues or provide any additional facts to cause me to change my decision your grievance remains denied and the FOC will seek payments on your arrears, which now equal $88,641.35, including fees.

Given your anticipated release from prison next month and the factors surrounding your ability to earn an income, the installment payment on your arrears will be subject to a future determination, which could be up to fifty-percent (50%) of your net income. Therefore, and as you are court ordered, it will be important for you to consider making an offer to pay a monthly installment. It is my understanding that your ex-wife is open to a reasonable payment amount.

Sincerely,
Suzanne Hollyer
FOC Director."

6

21. The Defendants can point to no clear authority to support their contention that the validity of the unambiguous release of the judgment lien obligation turns on whether OC CC and OC FOC have closed their case files.

22. On 8/08/2016 Mr. Spencer's Step II grievance was denied as follows:

"Dear Mr. Spencer:

On July 27, 2016 I received your Friend of the Court (FOC) administrative grievance form, addressed to me, as the Chief Judge of the Oakland County Circuit Court.  In response, I directed an investigation of your ongoing claim that the FOC discharged or released your child support arrears by initiating a closure of your FOC case.  Consequently, you maintain that the FOC is legally precluded from collecting your back-child support, despite the FOC Director informing me otherwise.  Additionally, you threaten to file some type of legal action in federal court to stop the FOC from collecting your arrears.

The investigation included a review of your FOC file and the documents you submitted.  The investigation also included interviews with the FOC staff assigned to your case.  The findings of the investigation revealed that your FOC case (not your Circuit Court case) was selected for closure based upon the assumptions that your incarceration was indefinite and you lacked a source of income as well as the ability to work in the future.  However, there were no judicial determinations regarding your arrearage balance, sources of income, or ability to work.  Moreover, shortly after the initiation of the case closure, it was learned that you are scheduled to be released from prison in the near future, and most significantly, your ex-wife is unwilling to close your FOC case or waive your arrears.  Consequently, the FOC must keep your case open and attempt to collect your back-child support.

As of today's date, you owe $88,641.35 in child support arrears and fees.  Upon your release from prison, you will be expected to make installment payments to liquidate the debt as soon as possible.  Up to fifty-percent (50%) of your net income will be subject to withholding, and the FOC is legally authorized to use other civil remedies to collect your debt.  These remedies include, but are not limited to: federal and state income tax refund interception, financial institutions data matching, and liens against your real and personal property.  To avoid being found in contempt the Court orders, you must start making payments and notify the FOC of your new address, employment, and all sources of income within twenty-one (21) days of any change.

In consideration of the above, your grievance is denied."

23. The Step II Denial's statement, "[you] claim that the FOC discharged or released your child support arrears *by initiating a closure of your FOC case*" is patently false, inapposite and misleading where: (a) state law prohibits the initiation of case closure

7

unless the judgment lien obligation is *ALREADY* under $500; and (b) it is the 3/20/2016 notice that *"the balance IS under $500"* (Exhibit 3) which constitutes the gravamen of Mr. Spencer's claim of an unambiguous release of the judgment lien obligation.

24. The Step II Denial's statement: "The findings of the investigation revealed that your FOC case (not your Circuit Court case) was selected for closure *based upon the assumptions that your incarceration was indefinite"* is patently false and misleading to the extent that the 7/23/2015 communication received by OC FOC at the onset *(Exhibit 1)* plainly states that Mr. Spencer was acting in preparation for his *"discharge from prison in August of 2016."*

25. The Step II Denial's statement: "However, there were no judicial determinations regarding your arrearage balance, sources of income, or ability to work" is irrelevant and immaterial because, (a) as the Step II Denial itself has pointed out, FOC Case No. 910823729 *IS NOT* the circuit court divorce Case No. 1994-471049-DM, and (b) unless a party objects to the administration of a judgment lien or moves for execution thereunder, a circuit court simply has no authority to interfere with the administration of the judgment lien.

26. The Step II Denial's statement: "Moreover, shortly after the initiation of the case closure, it was learned that you are scheduled to be released from prison" is patently false and misleading. *(See Exhibit 1.)*

27. The Step II Denial's statement: "Most significantly, your ex-wife is unwilling to close your FOC case or waive your arrears," reveals the solitary motive to unilaterally reinstate the judgment lien obligation in the absence of fraud or mutual mistake.

8

28.  The Step II Denial is bereft of a determination of the issue presented, i.e., whether an allegation of fraud or mutual mistake was paramount to the unilateral reinstatement of the judgment lien obligation.

29. On 2/12/2017 an unknown employee of OC FOC moved for an order for Mr. Spencer to show cause why he should not be held in contempt (Exhibit 10) alleging:

  a.  "WILLIAM SIM SPENCER was ordered to pay support.
  b.  The office of the friend of the court has reviewed the records and determined the past-due support amount on February 8, 2017 is $88,662.35, which exceeds the statutory amount allowed.
  c.  I request the court issue an order to show cause why the payer named above should not be found in contempt for failure to comply with this court's order."

30. On 4/04/2017 OC CC granted Defendant FOON's proposed Support Enforcement Order as follows (Exhibit 11):

"As of April 6, 2017, the respondent owes $88,662.35 in past-due support (subject to audit.)"

31. On 07/05/2017 OC FOC answered Mr. Spencer's objections during a hearing at OC CC with the following document (Exhibit 12) which did address Mr. Spencer's lesser claim of limitations, but failed to rebut Mr. Spencer's claim that the judgment lien obligation had been released by the judgment lien administrator in March of 2016:

"MOTION CALL
FOC RECOMMENDATION
(DO NOT FILE)

[Mr. Spencer] has filed a motion challenging the jurisdiction of the court over him due to the running of the statute of limitations in that it has been more than 10 years since the date of the last payment due and sites the case of Ewing v. Bolding, 194 Mich. App 95 (1992). Ewing v. Bolding stated that the 10-year statute would run 10 years from the date that the last support obligation was due, which in this case would be 7/01/2021, since the youngest child of the parties did not turn 18 years of age until 7/01/2011. Since the youngest child turned 18 on 7/01/2011, the date of the last payment due has not even occurred. The Friend of the Court although notified of [Mr. Spencer's] incarceration on 5/29/2007 through his discharge on 8/15/2016 did not suspend child support during [his] incarceration pursuant to statute. The FOC administratively closed the case due to the perceived inability of [Mr. Spencer] to pay due to his lengthy incarceration on 3/17/2016, and

9

after receiving no word from the custodial parent for many years. The custodial parent when advised of the administrative closure objected in writing and requested that the case be reopened and the FOC re-opened the case.

[Mr. Spencer's] jurisdictional challenge should be denied and the show cause proceedings should not be dismissed. However, it is recommended that [Mr. Spencer's] support obligation be suspended from 5/29/07 through 7/31/2011, the date that the youngest child turned 18 and the FOC is willing to receive a nominal amount of support such as $10 per month toward the arrearage that is finally calculated if partial relief is granted."

32. On 7/11/2017 OC CC adopted the OC FOC's recommendation (Exhibit 13) and payments were suspended from 5/29/2007 through 7/01/2011, the date that the youngest child turned 18.

33. Defendant STURDAVENT waived her claim on any support payments due after 5/29/2007 by failing to object to OC CC's adoption of her judgment lien administrator's recommendation to suspend support payments beginning on 5/29/2007.

34. Accordingly, the full amount of child support became due on 5/29/2007 and the statute of limitations, therefore, began to run from 5/29/2007. At that point, Defendant STURDAVENT's action to recover the judgment lien obligation had accrued in full, because no further payments were due according to the terms recommended by the judgment lien administrator and subsequently adopted by the court.

35. On 7/19/2017 OC CC denied Defendant STURDAVENT's frantic open-court demand that Mr. Spencer be immediately arrested; but denied Mr. Spencer's jurisdictional challenge without reaching the merits of his record-supported claim that the judgment lien administrator had reduced the judgment lien obligation to reflect a zero balance *BEFORE* a case closure was recommended by OC FOC.

36. On 10/18/2017 Mr. Spencer sought remedy at OC CC and moved the court to enforce the release of the judgment lien obligation, saying:

> "Defendant, WILLIAM SIM SPENCER, by special appearance in propria persona, asks this Court to enforce the judgment lien administrator's unambiguous release of the judgment lien obligation against him and says:
> 1. There has been no current child-support obligation since 2007 and all that remains to be settled in this matter is the judgment lien obligation resulting from unpaid arrearages.
> 2. The judgment lien administrator issued an unambiguous release of the judgment lien obligation. (Documentation is attached).
> 3. The Court is dutybound to enforce the release of the judgment lien obligation by the judgment lien administrator.
> 4. Mr. Spencer further relies on the attached brief.
>
> RELIEF REQUESTED
> For these reasons, Mr. Spencer asks the Court to enforce the release and issue an Order that this 27-year old divorce case is CLOSED."

37. On 2/06/2018 OC CC issued a *"Support"* Enforcement Order & Arrest Warrant (Exhibit 14) to enforce the judgment lien obligation and found that:

> "As of February 9, 2018, [Mr. Spencer] owes $75,716.10 in past-due support (subject to audit.)"

38. Mr. Spencer appealed from the *"Support"* Enforcement Order & Arrest Warrant claiming that OC CC had no jurisdiction to enforce a judgment lien obligation which had been lawfully released by OC FOC and was otherwise barred.

39. On 2/27/2018 the Michigan Court of Appeals dismissed Mr. Spencer's appeal-by-right from the 2/06/2018 order of OC CC (Exhibit 15) stating:

> "The claim of appeal is DISMISSED for lack of jurisdiction. MCR 7.203(A)(1). The February 6, 2018, order is not a final order as defined in MCR 7.202(6).
>
> The motion for stay and emergency consideration is DISMISSED AS MOOT, the Court lacking jurisdiction to hear this matter."

40. The 2/27/2018 Opinion & Order of the Michigan Court of Appeals establishes that MCR 7.202(6) does not provide for an exception to the jurisdictional bar against

11

appellate review where, as here, a new "Support" order issues in violation of the statute of limitations and is based on a judgment lien obligation that has been lawfully released by the judgment lien administrator.

41. On 2/28/2018 Mr. Spencer was arrested in his home-county of Benzie, and extradited hundreds of miles downstate to the Oakland County Jail on the arrest warrant requested by Defendant ELLIS.

42. On 3/02/2018 Defendant TOLBERT interviewed Mr. Spencer by CCTV at the Oakland County Jail, and determined that he had no choice but to find that Mr. Spencer truly is a pauper with no worldly possessions.  Hours later, Mr. Spencer was released from the Oakland County Jail and was free to walk the hundreds of miles through bad weather to return to his makeshift shelter in the northern woods of Michigan.

43. Mr. Spencer was wearing torn Salvation Army tennis shoes and did not have a jacket on when he was arrested in his home county and transported hundreds of miles through a state-wide blizzard to the Oakland County Jail.  His walk home, through hundreds of miles of winter-cold, was plagued by continuous saturation up to the ear by the 6-inch-deep slush that was being splashed up by every passing car.  Very hard to sleep.

44. Defendants cannot point to any applicable law which renders invalid their 3/20/2016 notice to Mr. Spencer that the judgment lien obligation administered in FOC Case #910823729 is administratively adjusted to $0.

45. Defendants cannot point to any applicable law which authorizes them to pursue enforcement action against Mr. Spencer based on their unilateral reinstatement of the lawfully released judgment lien obligation.

46. Mr. Spencer believes, and therefore avers, that SAPTEA is unconstitutional as applied to him in that it is vague, uncertain, and fails to protect him from unlawful arrest of his person and unlawful seizure of his personal property, contrary to the Fourth Amendment and the Due Process Clause of the Fourteenth Amendment to the Constitution for the united States of America.

47. In order to fully compensate Mr. Spencer for his injuries and to punish, deter, and teach Defendants OC CORP, OC CC, OC FOC, HOLLYER, FOON, ELLIS, TOLBERT, DONOHUE and STURDAVENT a lesson they will never forget, this action seeks money damages in excess of Two-Hundred and Fifty Thousand Dollars ($250,000.00), together with interest, costs, reasonable attorney fees, and other relief that the Court deems just under the circumstances. Mr. Spencer seeks nominal damages of $1 from his ex-wife.

## PARTIES, JURISDICTION AND VENUE

48. Plaintiff, WILLIAM SIM SPENCER, resides at: 15283 Wallin Road, Thompsonville, in Benzie County, Michigan.

49. Defendant OAKLAND COUNTY CORPORATION (OC CORP.) conducts business at: 2100 Pontiac Lake Road, 41 West, Waterford, in Oakland County Michigan. It is responsible for the promulgation and implementation of county policy, as well as the training and education of its subdivision chiefs and subordinates. It acted under color of law at all times relevant herein and is being sued in its official and/or private capacity as appropriate.

50. Defendant OAKLAND COUNTY CIRCUIT COURT (OC CC) is a political subdivision of OC CORP. OC CC employs OC FOC and conducts business at: 1200 N. Telegraph Road, Pontiac, in Oakland County Michigan. It acted under color of law at all times

relevant herein and is being sued in its official capacity and/or private capacity as appropriate.

51. Defendant OAKLAND COUNTY FRIEND OF THE COURT ("OC FOC") is an employee of OC CC and conducts business at: 230 Elizabeth Lake Road, Pontiac, in Oakland County, Michigan. It acted under color of law at all times relevant herein and is being sued in its official capacity and/or private capacity as appropriate.

52. Defendant SUZANNE K. HOLLYER at all times relevant herein is the OC FOC Director who administers support orders and judgment lien obligations arising from expired support orders. She conducts business at: 230 Elizabeth Lake Road, Pontiac, in Oakland County, Michigan. She acted under color of law at all times relevant herein and is being sued in her official capacity and/or private capacity as appropriate.

53. Defendant RONALD H. FOON at all times relevant herein is a referee employed by OC FOC to administer support orders as well as judgment lien obligations arising from expired support orders, and conducts business at: 230 Elizabeth Lake Road, Pontiac, in Oakland County, Michigan. He acted under color of law at all times relevant herein and is being sued in his official capacity and/or private capacity as appropriate.

54. Defendant REBECCA ELLIS at all times relevant herein is a referee employed by OC FOC to administer support orders as well as judgment lien obligations arising from expired support orders, and conducts business at: 230 Elizabeth Lake Road, Pontiac, in Oakland County, Michigan. She acted under color of law at all times relevant herein and is being sued in her official capacity and/or private capacity as appropriate.

55. Defendant KENNETH TOLBERT at all times relevant herein is a referee employed by OC FOC to administer support orders as well as judgment lien obligations arising from expired support orders, and conducts business at: 230 Elizabeth Lake Road, Pontiac,

14

in Oakland County, Michigan.  He acted under color of law at all times relevant herein and is being sued in his official capacity and/or private capacity as appropriate.

56. Defendant K DONOHUE at all times relevant herein is a support specialist employed by OC FOC to administer support orders as well as judgment lien obligations arising from expired support orders, and conducts business at: 230 Elizabeth Lake Road, Pontiac, in Oakland County, Michigan.  She acted under color of law at all times relevant herein and is being sued in her official capacity and/or private capacity as appropriate.

57. Defendant RENE MARIE STURDAVENT was the obligee of the now-released judgment lien obligation. She is sued in her personal capacity but has not been seen by Mr. Spencer in nearly 20 years. So, it is believed that she resides at 25590 Fountain Park Dr. W. Apt. 184, in Novi, Oakland County, Michigan. OC FOC has, but refuses to disclose to Mr. Spencer, the verified current address for Defendant STURDAVENT.

58. This Court's jurisdiction is invoked under 28 USC § 2201(a) to declare Mr. Spencer's federal rights where there is an allegation of denial of federal rights.

59. This Court's jurisdiction is invoked under 42 USC § 1983 where Mr. Spencer is suing local official defendants for the deprivation of rights, privileges or immunities secured under the laws and Constitution for the united States of America.

60. This Court's jurisdiction is invoked under 42 USC § 1985(3) where Mr. Spencer is suing local official defendants for conspiring to deprive, either directly or indirectly, Mr. Spencer of the equal protection of the laws, or of equal privileges and immunities under the laws and Constitution for the united States of America.

61. This Court's jurisdiction is invoked under 28 USC §§ 1331, 1343a(3), 2202 and 2283 to obtain declaratory and injunctive relief as needed to stop and prevent the unjust

deprivation under color of law of rights, privileges and immunities secured under the laws and Constitution for the united States of America.

62. This Court's supplemental jurisdiction is invoked under 28 USC § 1367 to hear and determine a state-law cause of action raised in conjunction with a federal cause of action.

63. Venue is proper pursuant to 28 USC § 1391(b).

COUNT 1:  DECLARATORY JUDGMENT
(28 USC §§ 1331, 1343a(3), 2202 and 2283; MCR 2.605)

64. Paragraphs 1 through 63 of this Civil Complaint are hereby re-alleged and incorporated by reference as if set forth in full herein.

65. Mr. Spencer has no adequate remedy at law where the denial of his substantive rights cannot be removed by successful defenses to an unlawful arrest warrant which issues under SAPTEA pursuant to a judgment lien obligation that has already been lawfully released by the judgment lien administrator.

66. The SAPTEA application to Mr. Spencer of the obligations imposed under a judgment lien obligation that has been lawfully released deprives, either directly or indirectly, Mr. Spencer of the equal protection of the laws, or of equal privileges and immunities from arrest without probable cause under the Fourth and Fourteenth Amendments to the Constitution for the united States of America; Contrary to MCL § 600.2907.

67. The invocation of SAPTEA against Mr. Spencer to enforce a new $75,716.10 judgment lien obligation after the original judgment lien obligation amount had been reduced to "less than $500" constitutes abuse of process; Contrary to the Due Process Clause of the Fifth and Fourteenth Amendments to the Constitution for the united States of America.

16

68. The enforcement against Mr. Spencer of a new $75,716.10 judgment lien obligation after the original judgment lien obligation amount had been lawfully released, constitutes abuse of process; Contrary to the Due Process Clause of the Fifth and Fourteenth Amendments to the Constitution for the united States of America.

69. As an individual objecting to the application of SAPTEA to enforce a judgment lien obligation that has been lawfully released, Mr. Spencer intends to engage in a course of conduct arguably affected with a constitutional interest but proscribed by statute, and there exists a credible threat of prosecution thereunder.

70. Unless restrained by order of this court, Defendants or some of them or their agents or assistants will imminently cause Mr. Spencer to be arrested and detained for an indefinite time based solely on application of SAPTEA to the released judgment lien obligation.

71. OC CORP, OC CC and OC FOC failed to adopt constitutionally sound policy and failed to properly train, or failed to cause proper training of, Defendants HOLLYER, FOON, ELLIS, TOLBERT and DONOHUE to abstain from seeking arrest warrants without probable cause - - as a means to enforce released judgment lien obligations.

72. To the extent that the relief Mr. Spencer is ultimately seeking includes a permanent injunction and a declaration that SAPTEA is so vague and ambiguous that it may not be applied to enforce any judgment lien obligation because it fails to provide an exception to the jurisdictional bar under MCR 7.202(6) - - *which prevents an individual from appealing from a new support order that is based on a released judgment lien obligation*, granting a preliminary injunction to temporarily enjoin Defendants from enforcing the released judgment lien obligation against Mr. Spencer does not constitute the relief that would be achieved if he prevails at trial.

17

73. Based on the foregoing facts, Mr. Spencer's claims are likely to succeed on the merits; Irreparable harm will result unless Defendants are enjoined from applying SAPTEA to Mr. Spencer; and the public has an interest in the preservation of the Due Process Clause and the Equal Protection Clause.

74. There is no possibility of substantial harm to others especially since there is no valid "Support" order where the "children" of the 1994 divorce case are living well into their third-decade, and were emancipated over a decade ago.

75. No injury will be sustained by the public or Defendants by the issuance of a temporary restraining order.

76. The issue is exhausted and ripe for review in that Mr. Spencer has already suffered arrest of his person pursuant to the unconstitutional application of SAPTEA, and in that there is a live case and controversy where there is no legal basis to enforce the lawfully released judgment lien obligation, but Defendants refuse to discontinue their application of SAPTEA to Mr. Spencer; And Mr. Spencer remains in eminent danger of repeated false arrests and malicious prosecutions under SAPTEA as a result.

## COUNT 2: MALICIOUS PROSECUTION
(U.S. CONST. AMS. V & XIV and MCL § 600.2907)

77. Paragraphs 1 through 76 of this Civil Complaint are hereby re-alleged and incorporated by reference as if set forth in full herein.

78. On or about 5/16/2016, Defendants OC FOC, HOLLYER, FOON, ELLIS, TOLBERT, DONOHUE and STURDAVENT, jointly and severally, did, with improper motive and/or with deliberate indifference to the injuries caused to Mr. Spencer thereby, and without any objective substantial government purpose, under color of a statute,

18

ordinance, regulation, custom or usage of the State of Michigan, violate Mr. Spencer's right against malicious prosecution by planning and executing application of SAPTEA without a legal basis by unilaterally reinstating the released judgment lien obligation to cause the arrest of Mr. Spencer without probable cause.

79. Defendants OC FOC, HOLLYER, FOON, ELLIS, TOLBERT, DONOHUE and STURDAVENT unilaterally reinstated the released judgment lien obligation for personal reasons which include, but are not limited to the following: (a) vexation; (b) trouble; (c) malicious damage to Mr. Spencer's community reputation.

80. Defendant STURDAVENT remains blinded by scorn against Mr. Spencer for uncovering her 1992 extra-marital affair with her libertine co-worker, whom she married within weeks after Defendant STURDAVENT's divorce from Mr. Spencer had become final. Defendant STURDAVENT blames Mr. Spencer for the fact that her new husband became bored and demanded an annulment shortly after she married him. She, and others self-serving, took full advantage of Mr. Spencer's absence and inability to rebut tales while he was in prison.

81. MCL § 600.2907 provides for civil and criminal liability for every person who, for vexation, trouble, or with malice, causes another to be arrested, attached, or in any way proceeded against by any process of civil or criminal action without that person's consent.

82. Defendants OC FOC, HOLLYER, FOON, ELLIS, TOLBERT, DONOHUE and STURDAVENT conspired to use SAPTEA process - - *as the punishment*, to retaliate against Mr. Spencer and impede his efforts to assimilate back into society.

83. The state SAPTEA proceedings caused or prosecuted by Defendants OC FOC, HOLLYER, FOON, ELLIS, TOLBERT, DONOHUE and STURDAVENT against Mr.

19

Spencer were retaliatory and were without probable cause where the judgment lien obligation against Mr. Spencer had already been lawfully released by the judgment lien administrator.

84. Defendants OC FOC, HOLLYER, FOON, ELLIS, TOLBERT, DONOHUE and STURDAVENT, each with the ulterior motive of retaliation against Mr. Spencer for attempting a fresh-start and to prevent him from successfully assimilating back into society, exploited a loophole in the SAPTEA law that becomes manifest when SAPTEA is applied with MCR 7.202(6) to block appellate review of a new support enforcement order, thus causing Mr. Spencer to be maliciously prosecuted on less evidence than what the Due Process Clause requires.

85. Defendants illegally, maliciously, and wrongfully conspired with one another with the intent to, and for the illegal purpose of, arresting Mr. Spencer and initiating judicial process under SAPTEA without probable cause.

86. Defendants OC FOC, HOLLYER, FOON, ELLIS, TOLBERT, DONOHUE and STURDAVENT instituted and initiated the allegations of unlawful activity against Mr. Spencer without an evidentiary basis to establish probable cause and with malice.

87. The conspiracy and/or concert of action between Defendants OC FOC, HOLLYER, FOON, ELLIS, TOLBERT, DONOHUE and STURDAVENT resulted in the illegal, unlawful or tortious activity of causing the unlawful arrest of Mr. Spencer, plus the threat of imminent repeated unlawful arrests, based on a judgment lien obligation that was lawfully released by the judgment lien administrator.

88. In addition to the initial restraint and deprivation of personal liberty and freedom of movement being unreasonable, the continued threat of arrest and seizure are unreasonable.

89. Defendants OC CORP, OC CC, OC FOC, HOLLYER, FOON, ELLIS, TOLBERT, DONOHUE and STURDAVENT are jointly and severally liable to Mr. Spencer for all of his injuries and damages.

90. As a direct and proximate result of the engagement by Defendants OC FOC, HOLLYER, FOON, ELLIS, TOLBERT, DONOHUE and STURDAVENT in the malicious prosecution of Mr. Spencer, he has suffered injury and damages including the following: (a) physical injuries; (b) pain, suffering, and emotional distress; (c) lost wages; (d) post-traumatic stress disorder; (e) injuries to his reputation leading to pecuniary loss; (f) humiliation, mortification, and embarrassment; (g) loss of consortium, society, and companionship; (h) other injuries or damages that are found to be related to the occurrence that appear or manifest themselves during the course of discovery and trial.

91. As a result of the nature of the conduct of Defendants OC CORP, OC CC, OC FOC, HOLLYER, FOON, ELLIS, TOLBERT, DONOHUE and STURDAVENT, Mr. Spencer is entitled to recover punitive damages against each individual Defendant.

## COUNT 3: CONCERT OF ACTION
### (Michigan Common Law)

92. Paragraphs 1 through 91 of this Civil Complaint are hereby re-alleged and incorporated by reference as if set forth in full herein.

93. At all times, several or all Defendants engaged in the concerted activities described herein by express or implied agreement.

94. At all times, several or all Defendants acted tortiously pursuant to a common design.

95. Mr. Spencer may not be able to identify all of the activities of Defendants due to the generic similarity of such activities as produced and promoted by Defendants.

96. Due to the concert of action among all of the various Defendants, each is liable to Mr. Spencer for these injuries and damages even if there was no direct relation to the activity conducted by that particular defendant.

97. Defendants OC CORP, OC CC, OC FOC, HOLLYER, FOON, ELLIS, TOLBERT, DONOHUE and STURDAVENT are jointly and severally liable to Mr. Spencer for all of his injuries and damages.

98. As a direct and proximate result of the concerted activities of Defendants OC CORP, OC CC, OC FOC, HOLLYER, FOON, ELLIS, TOLBERT, DONOHUE and STURDAVENT, Mr. Spencer has sustained the following damages: (a) physical injuries; (b) pain, suffering and emotional distress; (c) lost wages; (d) post-traumatic stress disorder; (e) injuries to his reputation leading to pecuniary loss; (f) humiliation, mortification and embarrassment; (g) loss of consortium, society and companionship; and (h) other injuries or damages that are found to be related to the occurrence that appear or manifest themselves during the course of discovery and trial.

99. As a result of the nature of the conduct of Defendants OC CORP, OC CC, OC FOC, HOLLYER, FOON, ELLIS, TOLBERT, DONOHUE and STURDAVENT, Mr. Spencer is entitled to recover punitive damages against each individual Defendant.

COUNT 3:  ARREST WITHOUT PROBABLE CAUSE
(U.S. Const. Ams. IV and XIV and MCL § 600.2907).

100.    Paragraphs 1 through 99 of this Civil Complaint are hereby re-alleged and incorporated by reference as if set forth in full herein.

101. On or about 2/28/2018, Defendants OC FOC, HOLLYER, FOON, ELLIS, TOLBERT, DONOHUE and STURDAVENT, jointly and severally, did, with improper motive and/or with deliberate indifference to the injuries caused to Mr. Spencer thereby, and without any objective substantial government purpose, under color of a statute, ordinance, regulation, custom or usage of the State of Michigan, violate Mr. Spencer's right to freedom from unlawful arrest by planning and executing application of SAPTEA to cause the arrest of Mr. Spencer without probable cause where the judgment lien obligation had already been lawfully released by the judgment lien administrator.

102. Defendants OC CORP, OC CC, OC FOC, HOLLYER, FOON, ELLIS, TOLBERT, DONOHUE and STURDAVENT are jointly and severally liable to Mr. Spencer for all of his injuries and damages.

103. As a direct and proximate result of being arrested without probable cause where the judgment lien obligation had already been lawfully released by the judgment lien administrator, Mr. Spencer sustained the following damages: (a) physical injuries; (b) pain, suffering and emotional distress; (c) lost wages; (d) post-traumatic stress disorder; (e) injuries to his reputation leading to pecuniary loss; (f) humiliation, mortification and embarrassment; (g) loss of consortium, society and companionship; and (h) other injuries or damages that are found to be related to the occurrence that appear or manifest themselves during the course of discovery and trial.

104. As a result of the nature of the conduct of Defendants OC CORP, OC CC, OC FOC, HOLLYER, FOON, ELLIS, TOLBERT, DONOHUE and STURDAVENT, Mr. Spencer is entitled to recover punitive damages against each individual Defendant.

23

COUNT 5: FALSE IMPRISONMENT
(U.S. CONST. AMS. IV & XIV and MCL 600.2907).

105. Paragraphs 1 through 104 of this Civil Complaint are hereby re-alleged and incorporated by reference as if set forth in full herein.

106. On or about 2/28/2018, Defendants OC FOC, HOLLYER, FOON, ELLIS, TOLBERT, DONOHUE and STURDAVENT, jointly and severally, did, with improper motive and/or with deliberate indifference to the injuries caused to Mr. Spencer thereby, and without any objective substantial government purpose, under color of a statute, ordinance, regulation, custom or usage of the State of Michigan, violate Mr. Spencer's right against false imprisonment by causing him to be arrested, extradited and detained without probable cause.

107. Defendants OC CORP, OC CC, OC FOC, HOLLYER, FOON, ELLIS, TOLBERT, DONOHUE and STURDAVENT, either individually, or in concert, or through principles of respondeat superior, caused Mr. Spencer to be physically restrained and deprived of his personal liberty and freedom of movement for a period of 3 days, and further restricted his personal liberty and freedom of movement for an indefinite period under the new "SUPPORT" order issued under SAPTEA.

108. The imprisonment and restraint were against Mr. Spencer's will.

109. Defendants OC CORP, OC CC, OC FOC, HOLLYER, FOON, ELLIS, TOLBERT, DONOHUE and STURDAVENT accomplished the imprisonment and restraint by actual physical force, and the deprivation of Mr. Spencer's liberty and freedom was intentional, unlawful, unprivileged, and without probable cause.

110. In addition to the initial restraint and deprivation of personal liberty and freedom of movement being unreasonable, the threat of additional arrests and continued encumbrances on his personal property were unreasonable.

111. Defendants OC CORP, OC CC, OC FOC, HOLLYER, FOON, ELLIS, TOLBERT, DONOHUE and STURDAVENT are jointly and severally liable to Mr. Spencer for all of his injuries and damages.

112. As a direct and proximate result of the false imprisonment of Mr. Spencer that was arranged by Defendants OC CORP, OC CC, OC FOC, HOLLYER, FOON, ELLIS, TOLBERT, DONOHUE and STURDAVENT, he has suffered injury and damages including the following: (a) physical injuries; (b) pain, suffering, and emotional distress; (c) lost wages; (d) post-traumatic stress disorder; (e) injuries to his reputation leading to pecuniary loss; (f) humiliation, mortification, and embarrassment; (g) loss of consortium, society, and companionship; (h) other injuries or damages that are found to be related to the occurrence that appear or manifest themselves during the course of discovery and trial.

113. As a result of the nature of the conduct of Defendants OC CORP, OC CC, OC FOC, HOLLYER, FOON, ELLIS, TOLBERT, DONOHUE and STURDAVENT, Mr. Spencer is entitled to recover punitive damages against each individual Defendant.

COUNT 6: ABUSE OF PROCESS
(U.S. CONST. AMS. V & XIV)

114. Paragraphs 1 through 113 of this Civil Complaint are hereby re-alleged and incorporated by reference as if set forth in full herein.

115.    On or about 5/17/2016, Defendants OC FOC, HOLLYER, FOON, ELLIS, TOLBERT, DONOHUE and STURDAVENT, jointly and severally, did, with improper motive and/or with deliberate indifference to the injuries caused to Mr. Spencer thereby, and without any objective substantial government purpose, under color of a statute, ordinance, regulation, custom or usage of the State of Michigan, violate Mr. Spencer's right against abuse of process.

116.    Defendants OC FOC, HOLLYER, FOON, ELLIS, TOLBERT, DONOHUE and STURDAVENT, jointly and severally, abused the SAPTEA process by using it for their ulterior motive or purpose to cause vexation, trouble, embarrassment, damage to Mr. Spencer's professional reputation, and damage to Mr. Spencer's community reputation and as retaliation based on the facts set forth above.

117.    As a corroborating act of Defendants' improper purpose, after Defendant STURDAVENT complained that she wanted the judgment lien obligation to be unilaterally reinstated without alleging fraud or mutual mistake, Defendants OC FOC, HOLLYER, FOON, ELLIS, TOLBERT and DONOHUE unilaterally reinstated the judgment lien obligation, when each Defendant knew, or should have known, that once it was lawfully released in the absence of fraud or mistake, the judgment lien obligation could no longer be enforced without violating Mr. Spencer's substantive civil rights.

118.    The allegations and misuse of the SAPTEA collection process were improper since Defendants OC FOC, HOLLYER, FOON, ELLIS, TOLBERT, DONOHUE and STURDAVENT, jointly and severally, knew or should have known, that there was no lawful cause to unilaterally reinstate the judgment lien obligation after it had been lawfully released in the absence of fraud or mutual mistake.

119. The allegations and misuse of the SAPTEA collection process were improper since Defendants OC FOC, HOLLYER, FOON, ELLIS, TOLBERT, DONOHUE and STURDAVENT, jointly and severally, knew or should have known, that a loophole exists in the SAPTEA law by its lack of an exception to a jurisdictional bar which makes it impossible to defend against an unlawful reinstatement of a judgment lien obligation because, under MCR 7.202(6), there is no appeal from a "SUPPORT" order that enforces a unilaterally reinstated judgment lien obligation in the absence of fraud or mutual mistake.

120. Defendants OC CORP, OC CC, OC FOC, HOLLYER, FOON, ELLIS, TOLBERT, DONOHUE and STURDAVENT are jointly and severally liable to Mr. Spencer for all of his injuries and damages.

121. As a direct and proximate result of the acts of Defendants OC CORP, OC CC, OC FOC, HOLLYER, FOON, ELLIS, TOLBERT, DONOHUE and STURDAVENT described hereinabove, Mr. Spencer has suffered injury and damages including the following: (a) physical injuries; (b) pain, suffering and emotional distress; (c) lost wages; (d) post-traumatic stress disorder; (e) injuries to his reputation leading to pecuniary loss; (f) humiliation, mortification and embarrassment; (g) loss of consortium, society and companionship; and (h) other injuries or damages that are found to be related to the occurrence that appear or manifest themselves during the course of discovery and trial.

122. As a result of the nature of the conduct of Defendants OC CORP, OC CC, OC FOC, HOLLYER, FOON, ELLIS, TOLBERT, DONOHUE and STURDAVENT, Mr. Spencer is entitled to recover punitive damages against each individual Defendant.

27

## PRAYER FOR RELIEF

WHEREFORE, Mr. Spencer respectfully prays:

(a) That declaratory judgment be entered to guide the parties' future conduct and preserve the parties' rights;

(b) That judgment be entered to Declare that SAPTEA is either unconstitutional on-its-face or as applied to Mr. Spencer by its lack of an exception to a jurisdictional bar which makes it impossible to defend against an unlawful reinstatement of a judgment lien obligation because, under MCR 7.202(6), there is no appeal from a "SUPPORT" order that enforces a unlawfully reinstated judgment lien obligation;

(c) That judgment be entered against Defendants OC CORP, OC CC, OC FOC, HOLLYER, FOON, ELLIS, TOLBERT and DONOHUE, jointly and severally, for substantial compensatory damages in an amount not less than Five-Hundred Thousand Dollars ($500,000.00);

(d) That judgment be entered against Defendants OC CORP, OC CC, FOC, HOLLYER, FOON, ELLIS, TOLBERT and DONOHUE, jointly and severally, for punitive damages in an amount not less than Five-Million Dollars ($5,000,000.00);

(e) That judgment be entered against Defendant STURDAVENT for nominal damages in the amount of One Dollar ($1);

(f) That Mr. Spencer recover his reasonable attorneys' fees and expenses from Defendants OC CORP, OC CC, OC FOC, HOLLYER, FOON, ELLIS, TOLBERT, DONOHUE and STURDAVENT;

(g) That all costs of this action be taxed to Defendants OC CORP, OC CC, OC FOC, HOLLYER, FOON, ELLIS, TOLBERT, DONOHUE and STURDAVENT; and

(h) That the Court grant all such other and further relief that the Court deems just and proper, including equitable relief.

*The undersigned verifies under penalty of perjury that the foregoing facts are all true, correct complete and certain.*

MR. SPENCER DEMANDS A JURY TRIAL.

Respectfully,

William Sim Spencer
15283 Wallin Road
Thompsonville, MI 49683
(231) 970-0810
williamsimspencer@gmail.com

Dated: June 28, 2019.

28

U.S. POSTAGE PAID
PM 2-Day
BENZONIA, MI
49616
JUN 28, 19
AMOUNT
**$5.55**
R2305K136637-07

FOREVER / USA   FOREVER / USA   FOREVER / USA   FOREVER / USA

**FROM:**

# PRIORITY
## ★ MAIL ★



**UNITED STATES
POSTAL SERVICE ®**

VISIT US AT USPS.COM®
ORDER FREE SUPPLIES ONLINE

**FROM:**   William Sim Spencer
15283 Wallin Road
Thompsonville, MI 49683

**TO:**
U.S. District Court
110 Michigan Street, NW
Grand Rapids, MI 49503

Label 228, March 2016          FOR DOMESTIC AND INTERNATIONAL USE

9505 5105 8671 917



USPS TRACKING

EXPECTED DELIVERY

# VISIT US AT USPS.COM®
## ORDER FREE SUPPLIES ONLINE

Domestic shipments, the maximum weight is 70 lbs. For International shipments, the maximum weight is 20 lbs.





1005



# UNITED STATES
# POSTAL SERVICE®



FOREVER /

# PRIORITY® MAIL

**To schedule free Package Pickup, scan the QR code.**



**USPS.COM/PICKUP**

- Date of delivery specified for domestic use.
- USPS TRACKING™ included to many major international destinations.
- Limited international insurance.
- Pick up available.
- Order supplies online.
- When used internationally, a customs declaration may be required.



Tracking outside the U.S. is available to many major International destinations.   Limited International indemnity.

WILLIAM S.
SPENCER
5293 WALLIN RD
THOMPSOVVILLE MI 49683

1 of 4

U.S. District Court
110 Michigan Street, NW

Grand Rapids, MI 49503



WILLIAM S.
SPENCER
15283 WALLIN RD
THOMPSOVVILLE MI 49683

2 of 4

U.S District Court
110 Michigan Street, NW
Grand Rapids, MI 49503

WILLIAM S.
SPENCER
15293 WALLIN RD
THOMPSOVVILLE MI 49683



3 of 4

U.S. District Court

110 Michigan Street, NW

Grand Rapids, MI 49503

WILLIAM S.
SPENCER
15293 WALLIN RD
THOMPSOVVILLE MI 49683



4 of 4

U.S. District Coort
110 Michigan Street, NW
Grand Rapids, MI 49503